# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Farmers Insurance Exchange; et al., | Case No. 2:20-cv-02013-RFB-DJA |
| Plaintiffs, | |
| v. | **Order** |
| Christopher Nordby, | |
| Defendant. | |

Before the Court is the law firm of Hayes Wakayama's ("Judgment Creditor") motion for a judgment debtor exam of Christopher Nordby ("Debtor") under Fed. R. Civ. P. 69 and Nev. Rev. Stat. 21.270. (ECF No. 59). Debtor did not respond. Because the Court finds that Judgment Creditor is entitled to a judgment debtor exam, but that the Judgment Creditor does not support its request for service by mail, the Court grants Judgment Creditor's motion in part and denies it in part.

Fed. R. Civ. P. 69 governs execution of money judgments and obtaining discovery in aid of the judgment or execution. Fed. R. Civ. P. 69(a)(2) provides that, "[i]n aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." In Nevada, Nev. Rev. Stat. 21.270 governs the examination of a judgment debtor. That rule provides that, "[a] judgment creditor, at any time after the judgment is entered, is entitled to an order from the judge of the court requiring the judgment debtor to appear and answer upon oath or affirmation concerning his or her property…at a time and place specified in the order." Nev. Rev. Stat. 21.270(1). "No judgment debtor may be required to appear outside the county in which the judgment debtor resides." *Id.* Under Local Rule 7-2(d), the failure of an opposing party to file points and authorities in response to a motion constitutes a consent to the granting of the motion.

Here, Judgment Creditor has received a judgment on attorneys fees. (ECF No. 58). From Judgment Creditor's certificate of service, it appears that Debtor lives in Clark County, where Judgment Creditor proposed the examination to take place. (ECF No. 59 at 3, 5). And despite Judgment Creditor sending the motion to Debtor, Debtor has not responded to the motion, constituting his consent to the granting of it.

However, Judgment Creditor requests "that it be allowed to additionally serve the order approving this Motion by certified mail, return receipt requested." (*Id.* at 4). But Judgment Creditor does not cite any authority or make further arguments for this relief. Without more, the Court is not inclined to grant this request, especially because it is unclear whether Debtor is on notice of the motion.

When confronted with the question of whether Nev. Rev. Stat. 21.270 required personal service, the district court in *GW Grundbesitz AG v. A Investments LLC* found that service through any of the methods provided by Fed. R. Civ. P. 5 were appropriate. *GW Grundbesitz AG v. A Investments LLC*, No. 2:20-cv-00572-JAD-BNW, 2021 WL 5500483, at *1 (D. Nev. Nov. 22, 2021). It pointed out, however, that the debtor had responded to the motion to be exempted from service and was thus on notice of the judgment debtor exam. *Id.* The Court also noted that, "[w]hile [Nev. Rev. Stat. 21.270] does not specify the type of service beyond 'regular service,' this Court and others have required personal service." *Id.*

Here, although Judgment Creditor explains that there is "a regular communication by mail between the place of mailing and the place so addressed," Debtor has not responded to the motion for judgment debtor exam. (ECF No. 59 at 5). It is thus unclear whether he is on notice of the motion. Additionally, the consequence for failing to appear at the judgment debtor exam can be serious. *See* Nev. Rev. Stat. 21.270(3) (providing that a judgment debtor who is served with an order for a judgment debtor exam and fails to appear may be punished for contempt). In an abundance of caution, the Court will thus require the Judgment Creditor to personally serve Debtor.

///

///

**IT IS THEREFORE ORDERED** that the motion for judgment debtor examination (ECF No. 59) is **granted in part** regarding the judgment debtor exam **and denied in part** regarding service by mail.  The Judgment Creditor shall submit a revised proposed order to the Court on or before **May 26, 2023** specifying a time and place for the exam.  The Judgment Creditor shall personally serve on Debtor: (1) a copy of the motion for judgment debtor exam (ECF No. 59); (2) this order; and (3) the revised proposed order once approved by the Court.

DATED: April 26, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE